UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL LEE,

       Plaintiff,                              Case No. 12-cv-12763
                                              HON. GERSHWIN A. DRAIN

vs.

DETROIT POLICE OFFICER SERGEANT ROY HARRIS, *et al.*,

       Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [#51]

Presently before the Court is Plaintiff's Motion to Reconsider the Court's June 26, 2013 Order Granting Defendant Police Officers' Motion for Summary Judgment and Granting Defendant City of Detroit's Motion for Summary Judgment. Defendants' Motions were granted because Plaintiff stipulated to probable cause for the loitering citation she was issued, because the loitering in a place of illegal operation citation allowed Defendants to seize Plaintiff's vehicle, because Plaintiff failed to show severe emotional distress required to maintain an Intentional Infliction of Emotional Distress claim, and because Plaintiff failed to show any custom or policy that would force liability on the City.

The standard of review for a motion to reconsider is provided in Local Rule 7.1(h)(3) of this Court:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the

> parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Plaintiff requests reconsideration for several reasons. First, Plaintiff maintains that she only stipulated to probable cause for the loitering citation, not for the following seizure at her home later. She also contends that Defendants have not shown that forfeiture of property is a consequence of a citation for loitering in a place of illegal operation (LIPIO). Finally, she contends that there is a question of material fact as to whether the officers' actions were unlawful.

Despite her contentions to the contrary, forfeiture is a consequence of a LIPIO citation. Pursuant to M.C.L 600.3801, a vehicle is considered a nuisance if it is used for the "unlawful manufacture, transporting, sale, keeping for sale, bartering, or furnishing of a controlled substance." M.C.L.A. 600.3801. Therefore, when Plaintiff stipulated that Defendants had probable cause to issue her the LIPIO citation, she stipulated that the officers had the authority to issue her that citation. Her stipulation defeats any attempt by Plaintiff to argue that there is a question of fact whether she was engaged in that illegal activity. Furthermore, because she was in her vehicle when Defendants stopped her for the citation, her vehicle was used for the "unlawful manufacture, transporting, sale, keeping for sale, bartering, or furnishing of a

controlled substance." M.C.L.A. 600.3801. The fact that Defendants allowed Plaintiff to drive home with her child before seizing the vehicle is irrelevant.

Because Plaintiff has not demonstrated a "palpable defect" in the Order granting Defendants' Motions for Summary Judgment, her Motion for Reconsideration [#51] is DENIED.

SO ORDERED.


Dated July 23, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE